# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TIMOTHY GEORGE,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-23-0682-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>　HUMAN SERVICES,<br>　　　　　Agency. | DATE:  August 3, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Amanda J. Moreno, Esquire, Houston, Texas, for the appellant.

Sariana Garcia-Ocasio, New York, New York, for the agency.

Kathleen Mee, Washington, D.C., for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his demotion action for conduct unbecoming a supervisor and failure to follow instructions.  On petition for review, the appellant disputes the administrative judge's findings that the agency proved specifications 1 through 24

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

of its 38 specifications of conduct unbecoming a supervisor, that he was not subjected to double punishment, and that his two-grade demotion was a reasonable penalty. He also presents what he asserts is new evidence and raises certain arguments for the first time on review. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's argument that the agency's conduct unbecoming charge was, in fact, a charge of violating the agency's sexual harassment policy, we AFFIRM the initial decision.

On review, the appellant reargues that the proposing and deciding officials were biased because, as part of a separate background investigation, they represented that the appellant was demoted for violating the agency's sexual harassment policy. Petition for Review (PFR) File, Tab 8 at 23; Initial Appeal File (IAF), Tab 22 at 32-33. He argues that this shows that "the decision to punish [him] was based on an offense he was not accused of nor charged with." PFR File, Tab 8 at 23. Because the administrative judge did not address this argument, we do so here. We do not find the appellant's argument persuasive.

When an agency charges an appellant with violating a policy, such as a sexual harassment policy, it generally must prove that the appellant's conduct violated the policy. *See Gregory v. Department of the Army*, 114 M.S.P.R. 607, ¶ 24 (2010) (so stating and further explaining the burden of proof if the agency's

policy incorporates Title VII standards).  However, there is nothing inappropriate about the agency using the broad label of "conduct unbecoming a Federal employee" for its charge as long as the reasons for the proposed action are described in sufficient detail to allow the respondent to make an informed reply. *Cross v. Department of the Army*, 89 M.S.P.R. 62, ¶¶ 2, 8-9 (2001).  The essential elements of a charge concerning unacceptable supervisory conduct are:  (1) the employee was a supervisor; (2) he engaged in specified conduct touching upon his role as a supervisor; and (3) the conduct was improper, or detracted from his character or reputation as a supervisor.  *Hanna v. Department of Labor*, 80 M.S.P.R. 294, ¶ 4 (1998), *aff'd*, 18 F. App'x 787 (Fed. Cir. 2001); *Crouse v. Department of the Treasury*, 75 M.S.P.R. 57, 63 (1997), *rev'd and remanded on other grounds sub nom.*, *Lachance v. Merit Systems Protection Board*, 147 F.3d 1367 (Fed. Cir. 1998).  The administrative judge properly found that the agency proved these elements and therefore its conduct unbecoming charge.  IAF, Tab 24, Initial Decision (ID) at 6-9.

On review, the appellant argues for the first time that the agency withheld signed statements from individuals and only disclosed those statements in its closing brief on the last day the record closed.[2]  PFR File, Tab 8 at 17-20.  This argument is unavailing.

---

[2] The appellant submits various documents with his petition for review.  PFR File, Tab 8 at 25-27.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence or argument submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).  Additionally, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  Two of the documents the appellant submits with his petition for review were submitted below and, therefore, are not new. PFR File, Tab 8 at 25, 27; IAF, Tab 4 at 39, Tab 22 at 15; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (evidence that is already a part of the record is not new).  The remaining document that the appellant submits on petition for review is not material because he has not explained how this document would change the outcome of the initial decision.  PFR File, Tab 8 at 26; *see Russo*, 3 M.S.P.R. at 349.

When an appellant waives the right to a hearing, the record closes on the date the administrative judge sets as the final date for the receipt or filing of submissions of the parties. 5 C.F.R. § 1201.59(b). On April 24, 2024, the appellant withdrew his hearing request. IAF, Tab 17. The following day, the administrative judge issued an order providing the parties with a deadline of May 9, 2024, to supplement the record. IAF, Tab 18.

The agency submitted a timely close of record brief on May 9, 2024. IAF, Tab 21. In doing so, it included declarations from the six individuals it had previously identified as witnesses for the hearing. IAF, Tab 14 at 12-15, Tab 21 at 89-118. Therefore, contrary to the appellant's arguments on review, the agency properly submitted these declarations consistent with the close-of-record order. Further, the appellant submitted his untimely closing brief on May 23, 2024, fourteen days after the agency submitted its closing brief. The administrative judge considered the appellant's brief. *E.g.*, ID at 2, 7-8, 10. Thus, the appellant had the opportunity to rebut the agency's evidence. In any event, the appellant did not argue in his close of record submission that the agency's submission of sworn statements was improper. IAF, Tab 22.[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[3] To the extent the appellant reargues on review that the agency failed to disclose all of the texts between himself and K.C., we are not persuaded. PFR File, Tab 8 at 18-19; IAF, Tab 22 at 33, 35. This evidence would presumably be in the appellant's possession, and he could have submitted it for consideration with his response to the proposed demotion if he wished. Further, the appellant did not file a motion to compel below and therefore is precluded from arguing on review that the agency failed to produce these documents during the discovery process. *Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.